IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                              No. 2:11-CR-20037-001

THOMAS BRENT SMITH                                                                      DEFENDANT

## ORDER

Currently before the Court are Defendant Thomas Brent Smith's Motion to Dismiss Indictment (Doc. 13) and the United States' Response (Doc. 16). For the reasons set forth below, Defendant's Motion is DENIED.

Defendant is charged in the Indictment in this case (Doc. 1) with failure to register and/or update his registration as a sex offender under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. Defendant contends the indictment is defective as (1) Congress delegated authority to the Attorney General, to determine applicability of SORNA requirement to certain persons and in particular jurisdictions, in violation of the Non-Delegation Clause; (2) SORNA's requirements violate the Commerce Clause due to an insufficient nexus between the activities to be controlled and interstate commerce; and (3) Defendant did not receive fair notice of his responsibility to register, in violation of the Due Process Clause.

The issues raised by Defendant in the instant matter have been previously challenged in various courts, including the Eighth Circuit Court of Appeals. Defendant concedes that the Eighth Circuit has upheld the application of SORNA to defendants in situations such as his own, finding that defendants, like Smith, who were already obligated to register pursuant to state registration requirements pre-dating the enactment of SORNA, lacked standing to pursue non-delegation

challenges. *See United States v. Zuniga*, 579 F.3d 845 (8th Cir. 2009)(citing *United States v. May*, 535 F.3d 912 (8th Cir. 2008)). The Eighth Circuit has also found, in regards to SORNA, no unconstitutionality under the Due Process Clause. *See, e.g., United States v. Baccam*, 562 F.3d 1197 (8th Cir. 2009)(holding that "...application of SORNA to an offender given notice to comply with state-law registration requirements does not violate the Due Process Clause"). Furthermore, the Court finds Defendant's argument that compliance with SORNA was legally impossible to be without merit, as Defendant could have fulfilled his registration obligations with respect to SORNA by registering under Arkansas laws already in place. *See United States v. Foster*, 354 Fed. Appx. 278, 280 (8th Cir. 2009) (finding that SORNA "applies to all sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements" and requires sex offenders to register in the jurisdiction where the offender resides). The Court likewise finds Defendant's argument that SORNA's enforcement and/or registration requirements do not comport with the Commerce Clause to be without merit according to controlling Eighth Circuit precedent. Defendant recognizes that every court of appeals to address a Commerce Clause challenge to SORNA has upheld the Act, including the Eighth Circuit. *See, e.g. United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009)(upholding SORNA's requirements as a "necessary and proper means to further [Congress's] commerce clause power"). The Court declines to abandon Eighth Circuit precedent on these issues.

      Accordingly, Defendant's Motion to Dismiss Indictment (Doc. 13) is DENIED.

      IT IS SO ORDERED this 23rd day of August, 2011.

*/s/P. K. Holmes,* III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE